IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PAUL MINIX, § | | |
| TDCJ-CID NO. 638154, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | CIVIL ACTION NO. H-07-2398 | |
| § | | |
| LAWRENCE STOKER, et al., § | | |
| § | | |
| Defendants. § | | |

**MEMORANDUM OPINION AND ORDER**

Paul Minix, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), has filed a verbose prisoner civil rights action in multiple parts presenting numerous claims against twelve named defendants for alleged constitutional violations at the O.L. Luther Unit near Navasota, Texas. (See Docket Entry No. 2.) Minix, an experienced and prolific inmate litigant,[1] acknowledges the lengthy nature of his pleadings and requests the court's permission to submit his case in separate parts. Id. After reviewing the pleadings and considering the nature of Minix's claims, as well as his litigation history, the court will deny the motion and dismiss this action as frivolous.

---

[1] Minix has filed numerous suits in the federal and state courts. See Docket Entry No. 1, pages 4-5; U.S. Case/Party Index, http://pacer.uspci.uscourts.gov/. He has also filed a multitude of administrative grievances in TDCJ-CID, including at least 40 in a four-month period. See Docket Entry No. 1, pages 11-12.

## I. **Minix's Claims and Allegations**

Minix's pleadings consist of two parts. The first claims, stated in the Original Complaint (Docket Entry No. 1), are asserted against Lawrence Stoker, Sandra Lee, Ruth Nalley, Warden Diana Clay, and Evelyn Branham. Minix contends that Stoker, Lee, and Nalley conspired to retaliate against him for assisting another inmate in filing a grievance on April 18, 2005. Minix alleges that, after investigating the grievance, Stoker ordered a search of Minix's cell on April 20, 2005. Lee and Nalley conducted the search pursuant to Stoker's instructions. Minix further alleges that Lee and Nalley removed legal materials and some personal items from his cell during the search while he was absent. (See Docket Entry No. 1, page 13.) Minix lists the following items that were removed:

- copies of grievances filed in behalf of other inmates
- the file of a civil rights lawsuit finished for another inmate
- part of the file of a civil rights lawsuit to be filed in Minix's behalf
- legal records belonging to other inmates

Minix states that the items were taken "for no other reason except Stoker despising plaintiff for the Grievances and complaints I have filed against him, and for how much Plaintiff had been assisting other inmates file their grievances."

Minix claims that Stoker engaged in other conspiracies and retaliatory actions against him. He alleges that he filed a life

-2-

endangerment grievance against Leonard Garcia on August 11, 2005. (Docket Entry No. 1, page 14)  Garcia threatened Minix because he was annoyed with Minix's grievances protesting the lack of training for the staff working in the Administrative Segregation area (Ad-Seg) where he and Minix were housed.  Id.  Minix alleges that Garcia made false statements that he had contraband in his cell, which resulted in the items being confiscated in a search ordered by Stoker.  Id. at 14-15.  Minix contends that the confiscation proves that Garcia and Stoker were involved in a conspiracy to retaliate against him.  Id.  Minix further claims that Stoker refused to process his grievances in a timely manner.

Minix seeks monetary damages from Stoker, Nalley, and Lee for the items taken from his cell.  He seeks $10,000.00 in damages from Stoker for denying him the right to file a grievance.  Id. at 15.  He seeks an additional $20,000.00 in punitive damages from Stoker for orchestrating retaliatory cell searches that obstructed Minix's right to file a civil rights lawsuit against Stoker.  Minix seeks $5,000.00 in compensatory damages and $10,000.00 in punitive damages from both Lee and Nalley for their role in the alleged conspiracy to deny him access to the courts.  Id. at 15 and 17.

Minix also names Diana Clay, Luther Unit Assistant Warden, as a defendant in this action, alleging that Clay condoned Stoker's retaliatory behavior.  (Docket Entry No. 1, page 20)  Minix alleges that he filed a grievance against Clay on June 29, 2005, for

implementing a restriction against inmates in Ad-Seg sending out mail.  Id.  The grievance (Docket Entry No. 6-6, pages 5-6) referred to a '24 hour rule,' which required Ad-Seg inmates to leave their mail out for mailroom staff to pick up from their cells if they were unable to deposit it in the prison mailbox.  Minix contends that the restriction delays and limits his outgoing mail.

On August 5, 2005, Minix filed a grievance against Warden Clay alleging that she condoned staff retaliation by seizure of his property on April 20, 2005.  (Docket Entry No. 1, page 20)  Minix claims that Warden Clay also ignored the conspiracy between officer Watson and inmate Garcia to file false disciplinary charges against him and seize his non-contraband property.  Id. at 20-21.  Minix contends that Warden Clay's negative responses to his numerous grievances is proof that she condoned the actions taken by others against him.  Minix seeks $5,000.00 from Warden Clay for condoning the disciplinary cases, punishments, and stolen property, which were done in retaliation for his numerous grievances.

Evelyn Branham, the Luther Unit Mailroom Supervisor, is the fifth defendant named in the Original Complaint.  Minix alleges that she violated his civil rights by denying him access to the courts and withholding his mail.  Id. at 22.  Minix asserts that Branham retaliated against him by enforcing Warden Clay's mail policy.  He further complains that Branham opened his mail outside of his presence, lost his mail, and threatened to discipline him for trying to send out legal mail.  Id.

-4-

Minix specifically states that he filed a grievance against Branham on June 29, 2005, for enforcing Warden Clay's mail policy. Id. He contends that the enforcement was a retaliatory act. He alleges that he filed another grievance against Branham for failing to pick up his legal and personal mail on July 1, 2005. Id. Minix filed a grievance against Branham for opening correspondence with the Texas Board of Medical Examiners and the National Criminal Justice Reference Service. Id. at 22-23. He alleges that Branham responded to his accusations by claiming that the correspondence was not legal mail. Id.

Minix states that on May 5, 2005, Branham told him that he would have to mail out twelve writing tablets that he had purchased from Office Depot because they had stapled bindings. Id. at 23. Minix contacted his family and requested that they send him a large self-addressed envelope with sufficient postage affixed to it. Id. Minix apparently mailed the tablets in the envelope. His family later informed him that the envelope arrived empty. Id. Minix alleges that Branham failed to notify him of the loss and tried to cover it up. He complains that Branham has deprived him of his property.

Minix claims that he was notified on October 6, 2005, that he would receive legal mail from the ACLU the next day; however, Branham later told him that she could not find any such mail. Id. at 24. Minix claims that Branham lied about the mail in order to

cover up the fact that she had opened it. Minix responded by filing a grievance.

On November 9, 2005, Branham allegedly retaliated against Minix for filing his numerous grievances by refusing to mail an envelope containing a Christian magazine, two letters, and a folded empty envelope. Id. Minix alleges that Branham retaliated again by refusing to mail a sealed envelope to his doctor on November 16, 2005. He contends that the refusal violated his right to privacy. Id. Minix asserts that there are many other instances of Branham's opening of his mail in order to harass and retaliate against him although he admits that incidents are so remote in time that they would be barred by limitations. Id. at 24. Minix seeks $10,000.00 in damages from Branham for retaliating against him by refusing to pick up his mail. He also seeks $1,000.00 in damages for Branham's opening of his confidential mail. He seeks $3,000.00 for being denied the right to send a personal package to his family and another $5,000.00 for the seizure of his twelve tablets. Minix seeks $1,000.00 for allegedly being refused the right to receive legal mail from the ACLU and an additional $20,000.00 in punitive damages from Branham for her numerous acts of harassment and retaliation. Id.

## II. Analysis

To state a claim under section 1983 a plaintiff must (1) allege a violation of a right secured by the Constitution or

laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. Moore v. Willis Independent School Dist., 233 F.3d 871, 874 (5th Cir. 2000), citing Lefall v. Dallas Independent School District, 28 F.3d 521, 525 (5th Cir. 1994).

Liberally construed, Minix's pleadings indicate that he has had a strained and difficult relationship with the staff at the O.L. Luther Unit where he was assigned to the administrative segregation area. The conditions in such areas of prisons are generally restrictive, but as long as inmates' basic needs are met, such conditions do not violate the Constitution because they are a part of ordinary prison life. See Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998). By necessity prisons must impose security measures that might otherwise impinge on many of the prisoners' constitutional rights, including their right to personal property and correspondence with the outside world. Vodicka v. Phelps, 624 F.2d 569, 570 (5th Cir. 1980). Such intrusions are not actionable. Id.

Minix claims that Stoker conspired with Lee and Nalley to search his cell and remove items from it in retaliation for his legal work in behalf of others as well as his grievances. Minix's allegations do not present any clear facts that demonstrate that he is a victim of retaliation. Prison inmates, particularly those in administrative segregation, have no expectation of privacy, and

-7-

guards do not need to have probable cause to conduct searches. Marshall v. Norwood, 741 F.2d 761, 763-64 (5th Cir. 1984). If Minix lost any personal property as a result of the search, he should pursue his remedies in a state court, not in a federal civil rights lawsuit. Id. Minix cannot assert a cause of action regarding lost legal materials belonging to other inmates because he is not authorized to give legal advice to or represent other inmates. Shaw v. Murphy, 121 S.Ct. 1475, 1477 (2001). Minix is not a licensed attorney and has no constitutionally protected right to act as an inmate counsel. Tighe v. Wall, 100 F.3d 41 (5th Cir. 1996). To the extent that Minix alleges he has been denied access to the courts, such allegations are undermined by his extensive litigation history, which indicates that he has been able to prosecute his claims.[2] See Beck v. Lynaugh, 842 F.2d 759, 762 (5th Cir. 1988). Minix can only assert a claim for denial of access to the courts if he shows that a defendant's actions actually prejudiced his position as a litigant. Henthorn v. Swinson, 955 F.2d 351, 354 (5th Cir. 1992), citing Richardson v. McDonnell, 841 F.2d 120, 122 (5th Cir. 1988). See also Walker v. Navarro County

---

[2] The U.S. Case/Party Index, http://pacer.uspci.uscourts.gov/ reflects that Minix has filed 12 civil rights complaints and habeas petitions in the Texas Federal courts, including one that was filed on June 7, 2005, against officials at the TDCJ-CID Ramsey I Unit. Minix v. Haynes, No. 3:03cv0115 (S.D. Tex.). This action was originally filed in the Eastern District of Texas but was transferred to the Southern District where Minix has vigorously pursued his remedies.

Jail, 4 F.3d 410, 413 (5th Cir. 1993). Minix's litigation history (as indicated in footnote 2 of this Memorandum Order and Opinion) shows that he is capable of confronting any perceived roadblocks presented by prison officials. His failure to allege any action taken on his part to remedy any denials of access to the court system demonstrates that he suffered no serious harm as a litigant. See MacDonald v. Steward, 132 F.3d 225, 230-31 (5th Cir. 1998). Moreover, Minix fails to show that Stoker conspired with Lee and Nalley to retaliate against him. Id. See also Dayse v. Schuldt, 894 F.2d 170, 173 (5th Cir. 1990) ("To establish a cause of action based on conspiracy a plaintiff must show that the defendants agreed to commit a criminal act), quoting Arsenaux v. Roberts, 726 F.2d 1022, 1024 (5th Cir. 1982).

Minix's complaint that Stoker failed to properly respond to his grievances is not actionable. It is well settled that inmates do not have a constitutionally protected right to a grievance procedure. See, e.g., Jones v. North Carolina Prisoners Labor Union, 97 S.Ct. 2532, 2544 (1977) (Burger, J., concurring) (applauding the adoption of grievance procedures by prisons, but expressly declining to suggest that such procedures are "constitutionally mandated"); Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (holding that "the Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state"); Buckley v. Barlow, 997 F.2d 494, 495 (8th

Cir. 1993) ("A prison grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment."). Moreover, Minix's life endangerment grievance concerning inmate Garcia only refers to a verbal threat made by Garcia, "[O]ne day I'm going to get you m----r f----r!" (Docket Entry No. 6-6, page 23). This verbal exchange, although offensive and menacing to an outsider, is typical among convicted felons who do not always use gentle or cultivated language, and guards often must discern whether such statements are signs of an impending assault or mere idle threats. See Newton v. Black, 133 F.3d 301, 308 (5th Cir. 1998). In this case Stoker apparently decided the statement was the latter, and the court will not second-guess his determination, particularly since no attendant assault has been alleged. Id. All claims against Stoker, as well as those against Lee and Nalley, will be dismissed. Minix's complaints against Warden Clay primarily concern her alleged management practices and do not indicate that there was any personal contact between the two individuals. Without such a showing, Warden Clay cannot be held individually liable for a civil rights violation. Cozzo v. Tangipahoa Parish Council--President Government, 279 F.3d 273, 283 (5th Cir. 2002); Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983). Minix specifically complains that the Warden has failed to

give satisfactory answers to his grievances. As explained above, Minix does not have a right to grievances that express his notions of prisoner entitlements. Geiger v. Jowers, 404 F.3d 371, 374 (5th Cir. 2005) ("[A prisoner] does not have a federally protected liberty interest in having these grievances resolved to his satisfaction."). See also Jones supra, et al. Warden Clay's failure to positively respond to Minix's grievances is not proof that she condoned any violation of his constitutional rights. Moreover, Minix has not shown that the grievances notified Warden Clay of any serious act that would be considered such a violation. Downey v. Denton County, 119 F.3d 381, 386 (5th Cir. 1997) (county sheriff could not be held liable for failure to protect inmate who had been raped by guard because there was no indication that the sheriff was aware of any danger). Warden Clay cannot be held individually liable merely because she happens to be a supervisory official in charge of the area where Minix is incarcerated. Eason v. Thaler, 73 F.3d 1322, 1327 (5th Cir. 1996).

Minix also alleges that Warden Clay imposed a restriction on his outgoing mail. Although prisoners retain some rights under the First Amendment, prison officials are authorized to monitor and limit activities that might restrict their exercise of free speech if such restrictions further a legitimate state interest. See Shaw v. Murphy, 121 S.Ct. 1475 (2001); Procunier v. Martinez, 94 S.Ct. 1800, 1811-12 (1974). Prison security is an important governmental

interest that may justify suppression of prisoners' mail.  Vodicka v. Phelps, 624 F.2d 569, 570 (5th Cir. 1980).  In this case Minix complains of a regulation that arguably delays and limits the amount of outgoing mail.  Minix does not assert an actionable claim because he fails to assert that any alleged delay or restriction on his outgoing mail has harmed or prejudiced him.  See Richardson, 841 F.2d at 122.  Consequently, Minix has failed to identify a policy implemented by Warden Clay that violates his constitutional rights.  Grandstaff v. City of Borger, 767 F.2d 161, 169 (5th Cir. 1985).  Therefore, Minix's claims against Warden Clay will be dismissed.

Evelyn Branham, the fifth and final defendant in Minix's original complaint, is alleged to be responsible for implementing Warden Clay's policy.  As noted above, the policy does not violate Minix's rights and Branham cannot be held liable for following it.  Minix also complains that Branham opened his mail outside of his presence.  Minix's complaints regarding the opening of his mail fail to establish a claim.  It is well established that prisoner correspondence is subject to tight control and that unprivileged mail can be opened and inspected outside of the writer's presence. Busby v. Dretke, 359 F.3d 708, 720-21 (5th Cir. 2004), citing Guajardo v. Estelle, 580 F.2d 748 (5th Cir. 1978); see also Procunier, 94 S.Ct. at 1811-12.  Minix does not name an attorney or court to which he addressed his correspondence.  Nor does he

identify any materials that would be considered confidential or were censored. At the most, Minix has shown that the mailroom has delayed the delivery of his mail. Delay in prisoner correspondence without a showing of harm does not support an actionable civil rights claim. Richardson, 841 F.2d at 122. Consequently, Minix's claims against Branham will be dismissed because Minix has failed to demonstrate any actionable harm. Walker v. Navarro County Jail, 4 F.3d 410, 413 (5th Cir. 1993).

Minix has filed this action while he was incarcerated. Prisoner complaints shall be dismissed as frivolous if they lack an arguable basis in law or fact. Berry v. Brady, 192 F.3d 504, 507 (5th Cir. 1999). Given Minix's extensive pleadings and his experience in filing complaints, the court has determined that he has had a fair opportunity to state his case. Jones v. Greninger, 188 F.3d 322, 326-27 (5th Cir. 1999). The claims presented in Minix's complaint will be dismissed as frivolous under 28 U.S.C. § 1915(e).

### III. Motion to File Additional Complaint

Minix has filed a motion (Docket Entry No. 2) in which he seeks permission to file his complaint in separate parts. Minix names seven other defendants in his supplemental pleading, which includes additional claims and allegations. (Docket Entry No. 6) The first named defendant is Christina Melton Crain, Chairman of the Board of Texas Department of Criminal Justice. Minix claims

that Crain promulgated a policy that forbids him from communicating confidentially with numerous medical establishments, law schools, and other entities located inside and outside of the State of Texas. Id. at 2. He further complains that he has been denied access to various prison policy manuals, including those concerning grievance procedures. Id. at 4.

Minix's complaint regarding his right to send sealed documents to persons who are not attorneys or court officials has been dismissed. Minix's allegation regarding denial of access to the prison grievance policy is belied by the existence of the Offender Orientation Handbook, a current copy of which is provided to all inmates when they enter the TDCJ-CID. See TDCJ-CID Website, http://www.tdcj.state.tx.us/publications/cid/OffendOrientHbkNov04.pdf. His claim is made all the more implausible by the multitude of grievances that he has filed as indicated by his pleadings. The court recognizes that Minix has a right to information that will enable him to assert his claims regarding his incarceration. He does not have an unlimited right to gather whatever information he deems to be helpful in turning him into a litigation machine. See Lewis v. Casey, 116 S.Ct. 2174, 2182 (1996). Moreover, Minix seeks damages from Melton, a high ranking official. At the most, he can only show that she is liable in her official capacity since she has had no personal contact with Minix. Such claims are barred by the Eleventh Amendment. Hafer v. Melo, 112 S.Ct. 358, 363 (1991);

Delahoussaye v. City of New Iberia, 937 F.2d 144, 146 (5th Cir. 1991).

Another defendant named in Minix's supplement is the aforementioned Leonard Garcia, a TDCJ-CID inmate. (Docket Entry No. 6, page 10)  Minix seeks monetary damages from Garcia for filing grievances against him.  Id. at 12.  Apart from the irony of complaining about someone who has used the grievance system against him, Minix's claims against Garcia are untenable because Garcia is clearly not a government official and cannot be held liable under 42 U.S.C. § 1983.  See Morris v. Dillard Dep't Stores, Inc., 277 F.3d 743 (5th Cir. 2001).

Minix names other defendants involving issues such as further alleged takings of his property and other acts of retaliation. His many trivial complaints include an allegation that one of his shower shoes was taken on August 23, 2005.  (See Docket Entry No. 6-2, pages 1-2.)  Aside from whether Minix has presented an arguable claim, his additional pleadings concern new incidents and new defendants in his ongoing feud with prison officials.

Minix's complaint is governed by the Prison Litigation Reform Act ("PLRA").  Under the PLRA a prisoner is not entitled to commence an action or file an appeal without prepayment in some form.  The PLRA requires prisoners filing lawsuits to pay an initial partial filing fee.  See 28 U.S.C. § 1915(b)(1).  The PLRA also requires prisoners to pay thereafter the balance of the full

-15-

filing fee of $150.00.  See id.  "The new fee provisions of the PLRA were designed to deter frivolous prisoner litigation 'by making all prisoner litigants feel the deterrent effect created by liability for filing fees.'"  Williams v. Roberts, 116 F.3d 1126, 1127-28 (5th Cir. 1997), quoting Jackson v. Stinnett, 102 F.3d 132, 136-37 (5th Cir. 1996) (citation omitted)).

The PLRA requires district courts to screen complaints from prisoners as soon as practicable after docketing and to identify cognizable claims or dismiss the complaint, or any portion thereof, "if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A.  The "three-strikes" provision of the PLRA prohibits prisoners from proceeding with a civil action in forma pauperis in federal court if, while incarcerated, three or more of his civil actions or appeals were dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted, unless he is in imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g); Adepegba v. Hammons, 103 F.3d 383, 385 (5th Cir. 1996).

In this case the complaint filed by Minix clearly makes allegations against numerous defendants and involves more than one transaction.  Rule 18(a) of the Federal Rules of Civil Procedure only allows a plaintiff to join "either as independent or as

alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." Rule 20 of the Federal Rules of Civil Procedure only allows the joinder of multiple parties if the claims arose out of a single transaction and contain a question of fact or law common to all the defendants. By naming multiple defendants and including numerous transactions, Minix's complaint does not comport with Rule 18 and Rule 20 of the Federal Rules of Civil Procedure. See 6A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1583 (2d ed. 1990) (noting that, under Rules 18(a) and 20, if the claims arise out of different transactions and do not involve all defendants, joinder should not be allowed); see also Hubbard v. Haley, 262 F.3d 1194 (11th Cir. 2001) (refusing to allow the joinder of multiple plaintiffs attempting to circumvent the PLRA's unambiguous requirement that each prisoner be required to pay the full amount of the filing fee); Patton v. Jefferson Correctional Center, 136 F.3d 458, 464 (5th Cir. 1998) (discouraging "creative joinder of actions" by prisoners attempting to circumvent the PLRA's three-strikes provision). The court therefore concludes that allowing Minix to file an additional complaint in this action, which is not in compliance with the Federal Rules of Civil Procedure, would defeat the clear intent of the PLRA's fee payment and the "three-strikes" provisions. In addition, Minix should not be allowed to submit claims and allegations that are insupportable and outside those presented in his original complaint. Therefore, the motion (Docket Entry No. 2) will be denied.

## IV.  Application to Proceed In Forma Pauperis

Minix's Application to Proceed In Forma Pauperis is **GRANTED**. Minix is not required to prepay the entire filing fee, but he is obligated to pay the filing fee pursuant to the provisions of 28 U.S.C. § 1915(b).  The TDCJ Inmate Trust Fund is **ORDERED** to deduct 20 percent of each deposit made to Minix's account and forward the funds to the Clerk of this court on a regular basis, in compliance with 28 U.S.C. § 1915(b)(2), until the entire filing fee ($350.00) has been paid.

## V.  Conclusion

The court **ORDERS** the following:

1. This action, filed by inmate Paul Minix, TDCJ-CID #638154, is **DISMISSED** as frivolous.  28 U.S.C. § 1915(e).

2. The Application to Proceed In Forma Pauperis (Docket Entry No. 3) is **GRANTED**.

3. The Texas Department of Criminal Justice - Institutional Division Inmate Trust Fund is **ORDERED** to collect the filing fee and forward it to the court as provided in this Memorandum Opinion and Order.

4. The Motion to File Only an Original Complaint without a Carbon Copy (Docket Entry No. 4) is **GRANTED**.

5. The Motion to File the Case in Two Separate Parts (Docket Entry No. 2) is **DENIED**.

6. The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the parties; the TDCJ - Office of the General Counsel, P.O. Box

13084, Austin, Texas 78711, Fax Number (512) 936-2159; and the Pro Se Clerk's Office for the United States District Court, Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas 75702.

**SIGNED** at Houston, Texas, on this 6th day of September, 2007.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE